IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:16-CV-247-BO

| | | |
|---|---|---|
| JAMES B. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on September 20, 2017, in Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g), 1383(c) for review of the final decision of the Commissioner denying his claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. Plaintiff alleged disability beginning on June 2, 2010. Plaintiff protectively filed his application for DIB on September 12, 2012. A hearing was held before an Administrative Law Judge (ALJ) on December 10, 2014, who issued an unfavorable ruling on February 12, 2015. This decision became the final decision when the Appeals Council denied plaintiff's subsequent request for review. Plaintiff then timely sought review of the Acting Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration ("SSA") determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

The ALJ's decision in this instance is not supported by substantial evidence. First, the ALJ failed to correctly evaluate plaintiff's mental limitations. The ALJ determined that plaintiff had moderate difficulties with concentration, persistence or pace. Tr. 24. The only mental modification the ALJ included in the RFC, however, was a limitation to simple, routine, repetitive tasks. Tr. 25. The Fourth Circuit distinguishes between different kinds of non-exertional limitations. *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) ("An ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work."). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.*

Here, the ALJ did not include any limitations in the RFC for plaintiff's limitations in concentration, persistence, and pace, and did not explain why plaintiff's limitations did not translate into a limitation in his RFC. Tr. 25-30. This was in error, and remand is appropriate to determine plaintiff's abilities.

Additionally, the ALJ erred by failing to appropriately weigh the Veterans Administration ("VA")'s determination of plaintiffs disability. An ALJ is required to consider all relevant evidence when making a disability determination, including the decision of another agency. The VA's determination "cannot be ignored and must be considered." SSR no. 06-03p. "[T]he purpose and evaluation methodology of both" the SSA and the VA when determining disability is so similar that "a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012). Therefore, the ALJ must give substantial weight to the VA's determination. Only when the record clearly demonstrates that the VA rating does not meet the SSA's standards is ignoring the VA's rating appropriate. *Id.*

The VA determined that plaintiff's disability rating was 70%. Tr. 26, 28. In order to disregard this finding, the ALJ needed to have identified clear evidence in the record. Instead, the ALJ only stated that the VA determination was not binding, without explaining what evidence justified not giving the determination appropriate weight. Tr. 28.

Finally, the ALJ did not consider how plaintiff's pain management plan affects his ability to do the jobs found to be appropriate. Medication and its side effects can affect a claimant's ability to do work. *See, e.g., Johnson v. Barnhart*, 434 F. 3d 650, 658 (4th Cir. 2005) (noting that symptoms such as drowsiness can cause serious functional limitations). Here, the ALJ should have determined whether plaintiff's pain medications affect his RFC. Plaintiff's

4

degenerative disc disease has no surgical option, and plaintiff is in a pain management protocol. He takes his pain medication three times a day. Tr. 48. The effect of his pain medication on his RFC was not addressed by the ALJ in his determination. Therefore, remand is appropriate for a determination of how his pain management plan affects his ability to do work.

The ALJ failed to appropriately weigh the evidence in these three instances. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford v. Colvin,* 734 F.3d 288, 295 (4th Cir. 2013) (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 17] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this 26 day of September, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5